## SUPREME COURT.

WILLIAM NIBLO agt. JOHN BINSSE, Executor, and LOUISA
LA FARGE, Executrix of JOHN LA FARGE, deceased.

The following is the dissenting opinion of Judge SUTHERLAND, in this cause—the
opinion of the court is published in 31 *How.*, 476.

SUTHERLAND, J.   It was certainly irregular to enter judg-
ment for costs against the executors, without an application
to the court, and special leave granted.

The referee was not the court, and had no power to award
costs against the executors.   The plaintiff could not by any
allegation or allegations in his complaint, make the question
of costs a proper question for the referee to try or determine.

The plaintiff's motion for an extra allowance, and the
order made for an extra allowance, assumed that the referee
had power to award costs, and had awarded them ; for clearly
an order for an *extra* allowance of costs, could not be made
before the *plaintiff's* right to recover their general or ordi-
nary taxable costs had been determined.

The statute does not permit the recovery of costs against
executors, unless it appear that the demand was unreasona-
bly resisted or neglected, or that they refused to refer the
same.   (2 *R. S.* 90, § 41 ; *Code*, § 317.)

In this case, it is impossible to say that the executors
refused to refer the same, unless a refusal to pay is, or should
be, regarded as a refusal to refer.   The very words of the
statute would appear to forbid such a construction of it.
The refusal to refer is one thing, and the unreasonable
resistance or neglect of payment is another thing.   They do
not mean the same thing, in or out of the statute.

The question is, then, did the executors *unreasonably* resist
or neglect the payment of the demand or claim ?   In view
of the history of the case, and of the litigated questions in
it, how can we say that they did ?   On the first trial they
obtained a judgment, which was affirmed at general term,
but reversed in the court of appeals.   We must conclude

that the question of their liability was a question of liability under special circumstances, and by no means free from doubt. It certainly cannot be said that the motion papers on the part of the plaintiff show that the demand was unreasonably resisted or neglected by the executors, and it was for the plaintiff to show this. It appears that the executors would have successfully resisted the demand, had it not been for the lucky hit or persevering energy of the plaintiff in carrying the case to the court of appeals.

I cannot see that the fact that the attorney of the executors did not insist before the referee, on the trial, or clerk, on the adjustment, of costs, or before the court, on the motion for extra allowance, that the plaintiff could not recover costs without a special application to the court, can or ought to *estop* the executors from insisting upon their protection from costs under the statute. I can see no way to affirm the orders appealed from, without disregarding the statute.

I think both orders should be reversed, and the costs stricken from the judgment.